UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22481-Civ-WILLIAMS/TORRES

AMERICAN SECURITY
INSURANCE COMPANY,

    Plaintiff,

v.

CARMEN ROJAS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on American Security Insurance Company's ("Plaintiff") motion for final default judgment against Carmen Rojas ("Defendant"). [D.E. 8]. No response was filed in opposition and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the record presented, Plaintiff's motion for final default judgment should be **GRANTED**.[1]

---

[1] On June 17, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 9].

## *I. APPLICABLE PRINCIPLES AND LAW*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that

2

amount.  *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested.  *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).  Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place.  *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## II. ANALYSIS

Plaintiff filed this action on June 16, 2020, seeking declaratory relief against Defendant for the appointment of an impartial umpire and to expedite the completion of an appraisal process.  [D.E. 1].  The facts of this case relate back to September 25, 2017 when Defendant reported an insurance claim for windstorm damage that took place on September 10, 2017.[2]  Plaintiff accepted coverage of the claim and tendered payment.  However, Defendant disputed the amount paid and the parties agreed to submit the claim to appraisal pursuant to the terms of the insurance contract.

---

[2]    The insurance policy included an effective date of October 1, 2016 through October 1, 2017.

The insurance policy provides that, when a disagreement arises as to the value of the residential property or a loss, the parties will each select an impartial appraiser and those two will, in turn, select an umpire to resolve the parties' dispute. If no agreement can be reached between the two appraisers, either party may request that a court make the selection:

> Disagree on the value of the residential property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the residential property and amount of loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will be binding. Each party will:
> (1) Pay its chosen appraiser; and
> (2) Bear the other expenses of the appraisal and umpire equally.

[D.E. 1-1 at 12]. Both parties have designated an appraiser. However, despite multiple attempts, the appraisers have been unable to agree upon the selection of an umpire. Because an umpire must be selected to resolve the appraisal process, Plaintiff filed this action to request that the Court select an umpire and to expedite the completion of the appraisal process.

Since filing this lawsuit, Plaintiff served Defendant on June 22, 2020 but Defendant failed to file an answer or to otherwise appear in this action. Plaintiff then filed on July 14, 2020 a motion for the clerk to enter default judgment [D.E. 6] and the clerk did so on July 15, 2020. [D.E. 7]. Plaintiff now seeks final default judgment against Defendant with the only issue being the appointment of an

4

impartial umpire to expedite the completion of the appraisal process.

As stated earlier, the contract provides that, after the selection of two appraisers, they will agree upon the selection of an umpire. [D.E. 1-1 at 12]. However, should the appraisers not agree (which is the case here), either party may request that a court make the selection. Plaintiff's motion requests that the court select an umpire and identifies two umpires for the Court's consideration. The first is Gustavo Marrero, Jr. ("Mr. Marrero"). Mr. Marrero is a certified general contractor, licensed in the State for Florida for thirty years. He is the owner and office of Riteway Insurance Repair Service, Inc. – a business that constructs and repairs residential properties in South Florida. He has completed over 300 expert, appraisal, and umpire assignments, and he regularly prepares estimates.

Plaintiff's second proposed umpire is Mr. Friedman who works as a Florida Supreme Court Certified Circuit Civil mediator. Mr. Friedman has served as a Florida state court judge for 26 years and has extensive experience in property claims. Prior to joining the state court bench, Mr. Friedman practiced law for 18 years and his mediation specialties include commercial litigation, personal injury, malpractice, business, and corporate law.

After careful review of both proposed umpires, both Mr. Friedman and Mr. Marrero have extensive experience in property disputes and we are confident that each of them could serve as an impartial and competent umpire. However, considering that only one umpire is needed for the resolution of this case, we give

greater weight to Mr. Marrero because of his extensive experience on construction and repair services for residential properties. Therefore, given the lack opposition and the policy requirement that a court select an umpire if the appraisers are unable to so, Plaintiff's motion for final default judgment should be **GRANTED** and the Court should appoint Mr. Marrero as the umpire for the appraisal of the insurance claim.

### *III. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for final default judgment [D.E. 8] should be **GRANTED** and the Court should appoint Mr. Marrero as the umpire for the appraisal of the insurance claim.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 14th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge